IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE CRISTOBAL CARDONA, :
:
        Plaintiff, :     CIVIL NO. 4:10-CV-1460
:
v. :     (Judge McClure)
:
HARLEY LAPPIN, *et al.*, :
:
        Defendants. :

**MEMORANDUM**

September 28, 2010

## I.    INTRODUCTION

Plaintiff Jose Cristobal Cardona ("Plaintiff" or "Cardona"), an inmate presently confined at the United States Penitentiary Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania, initiated the above action *pro se* by filing a Complaint under the provisions of 28 U.S.C. § 1331. (Rec. Doc. No. 1.) He simultaneously filed an application for leave to proceed *in forma pauperis* (Rec. Doc. No. 2) and an authorization (Rec. Doc. No. 3) to deduct funds from his inmate account in the amounts specified by 28 U.S.C. § 1915(b) in order to satisfy the $350.00 filing fee for a civil rights action.

By Memorandum and Order dated July 22, 2010, we dismissed Cardona's Complaint denied under the Three Strikes Rule, codified at 28 U.S.C. § 1915(g),

without prejudice to his ability to reopen the case by paying the full $350.00 filing fee. (Rec. Doc. No. 6.) In making our determination that dismissal under § 1915(g) was appropriate, we found that Cardona's allegation that he is in imminent danger of serious physical injury because he is double celled at USP Lewisburg, and that double celling has led to four murders, and various assaults at that institution, was insufficient to avoid application of the Three Strikes Rule. (*See id.*)

Presently before the Court is Cardona's motion for reconsideration, filed on July 27, 2010. (Rec. Doc. No. 7.) For the reasons set forth herein, the motion will be denied.

## II. LEGAL STANDARD

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration should not be used as a means to reargue unsuccessful theories, or

2

argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## III. DISCUSSION

Cardona has not demonstrated any of the applicable grounds for reconsideration of our determination that his Complaint was subject to dismissal under the Three Strikes Rule set forth in 28 U.S.C. § 1915(g).

In his supporting memorandum, he asserts that reconsideration is necessary to prevent manifest errors of law and fact. (Rec. Doc. No. 8 at 2.) He then reiterates his contention from his Complaint that he is being double celled at USP Lewisburg and that double celling is the main cause of violence at that institution. (*Id.*) In response to our finding that he had failed to demonstrate that **he** was under imminent danger of serious physical injury so as to avoid application of the Three Strikes Rule, Cardona alleges that every similarly situated inmate at USP Lewisburg is exposed to "a pervasive risk of assault which is an ongoing danger." (*Id.* at 3.) He then cites a Ninth Circuit case, *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007), for the

proposition that, where an inmate alleges that prison officials have continued with a practice that has injured him or other similarly situated inmates in the past, that allegation satisfies the "ongoing danger" standard so as to avoid application of the Three Strikes Rule. (*Id.*)

Cardona then asserts that prison officials at USP Lewisburg have continued with the dangerous practice of double celling, thus resulting in four (4) similarly situated inmates' murders and over 100 similarly situated inmates' assaults. (*Id.*) Cardona therefore asserts that he is similarly situated to inmates who have been killed or injured and that the Court therefore should reconsider its determination that he has failed to allege sufficient facts to avoid application of the Three Strikes Rule. (*Id.*)

This Court is not bound by the Ninth Circuit's decision in *Andrews*. Even if *Andrews* controlled, the plaintiff in that case articulated an imminent danger to himself when he alleged that the prison did not have a system to screen inmates for hepatitis, and that he had been placed in close proximity to inmates who prison officials knew or should have known could infect him with the disease. *Andrews*, 493 F.3d 1047. In contrast, Cardona's allegation that the practice of double celling at USP Lewisburg leads to inmate violence, and therefore, the fact that he is a double celled inmate at USP Lewisburg puts him at risk of inmate violence, is too generalized to articulate an

4

imminent threat to his safety. Cardona has not demonstrated that we erred in our determination that the imminent danger exception, as governed by Third Circuit case law requiring that a plaintiff allege dangers "that are about to occur at any moment or are impending," does not apply here because Cardona was unable to allege a danger to **his** safety. *See Abdul-Akbar v. McKelvie* 239 F.3d 307, 315 (3d Cir. 2001) (en banc), *cert. denied*, 533 U.S. 953 (2001). Therefore, his motion for reconsideration will be denied.[1] An appropriate Order will enter.

      s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

---

[1] In reviewing the instant motion, it was apparent from the docket that, upon dismissal of Cardona's Complaint under § 1915(g), the Administrative Order entered on July 16, 2010 (Rec. Doc. No. 4), which directs the Warden at Cardona's place of confinement to deduct the filing fee from Cardona's inmate account in monthly installments, should have been vacated. Accordingly, we will direct that the Order be vacated and that the Warden of Cardona's current place of confinement be notified. In addition, because it is apparent that funds have been deducted on at least two occasions (*see* Rec. Doc. Nos. 9, 12), we will direct that Cardona be reimbursed for any funds that have been deducted from his inmate account pursuant to the Administrative Order (Rec. Doc. No. 4).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE CRISTOBAL CARDONA, :
:
    Plaintiff, : CIVIL NO. 4:10-CV-1460
:
v. : (Judge McClure)
:
HARLEY LAPPIN, *et al.*, :
:
    Defendants. :

## **ORDER**

September 28, 2010

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for reconsideration (Rec. Doc. No. 7) is **DENIED**.

2. The Administrative Order (Rec. Doc. No. 4) is **VACATED**. The Clerk of Court shall inform the Warden of Plaintiff's current place of incarceration.

3. Plaintiff shall be reimbursed for any funds that have been deducted from his inmate account pursuant to the Administrative Order (Rec. Doc. No. 4).

                                                      s/ James F. McClure, Jr.
                                                      JAMES F. McCLURE, JR.
                                                      United States District Judge